IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br> v. <br><br> AROC Enterprises, LLC, *et al.*, <br><br> Defendant. | Case No. 9:19-cv-234-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Defendant Denise Dent Bruner's ("Bruner") Motion to Dismiss. (Dkt. No. 131). The Government opposes Bruner's motion. (Dkt. No. 135). Also before the Court is the Government's motion for summary judgment. (Dkt. No. 134). Bruner opposes the motion (Dkt. No. 136), and the Government replied. (Dkt. No. 137).

For the reasons set forth below, the Court denies Bruner's motion to dismiss and grants the Government's motion for summary judgment.

**I.    Background**

The present dispute originates from an action brought by the United States under the False Claims Act against BlueWave Healthcare Consultants ("BlueWave"), Floyd Calhoun Dent ("Dent") and Robert Bradford Johnson for health care fraud arising from the payment of kickbacks to doctors who agreed to order blood testing services from Health Diagnostic Laboratory ("HDL"). *The United States of America ex rel. Scarlett Lutz, Kayla Webster, Dr. Michael Mayes and Chris Reidel v. Berkeley Heartlab, Inc., BlueWave Healthcare Consultants, Inc., Latonya Mallory, Floyd Calhoun Dent III, and Robert Bradford Johnson* (D.S.C. Case No. 9:14-cv-00230-RMG) ("Healthcare Fraud Litigation"). During the course of that litigation, the Government filed an application for prejudgment remedies against BlueWave, Dent and Johnson. (Healthcare Fraud

1

Litigation, Dkt. No. 173). This Court found there was reasonable cause to believe that Dent transferred nearly $6,500,000 in real property under fraudulent pretenses, such that the property was subject to pre-judgment attachment. (Healthcare Fraud Litigation, Dkt. Nos. 180-193). The Court also granted a supersedeas bond following trial and pending appeal, which required that "all of the bank accounts in the names of Mr. and Mrs. Dent, the Dent Corporations, the Dent Children Trust and three accounts in the names of Hunter Dent, Hailey Dent and L.D., and all gold and silver coins in the names of Mr. and Mrs. Dent, certain of the Dent Corporations, and the Trusts, be paid into the Court Registry." (Healthcare Fraud Litigation, Dkt. No. 995).

The Government initiated fraudulent transfer litigation under the Federal Debt Collection Procedures Act against various Defendants, including Bruner, in 2019. *United States v. AROC Enterprises, LLC, et al.* (D.S.C. Case No. 9:19-cv-234 RMG) ("Fraudulent Transfer Litigation"). That litigation has settled as to all Defendants except Bruner, to whom Dent is alleged to have transferred 60 gold coins in April 2015. (Dkt. No. 134, ¶¶ 21-26).

## II. Legal Standard

### A. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore*

*Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving part must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.    Discussion

#### A.    Motion to Dismiss

Bruner moves to dismiss the Government's case against her "due to the fact that this case has been settled." (Dkt. No. 131 at 1, 2). Bruner also claims that the Government "has failed to plausibly state a claim for relief upon which relief can be granted," arguing that the transfer of the gold coins to Bruner was made years prior to Dent's becoming indebted to the Government, and where Bruner had "no reason . . . to believe her brother . . . [Dent] would incur debts beyond his ability to pay." (*Id.* at 3).

Bruner's belief that the case against her has been settled may stem from a settlement she entered into in related bankruptcy proceedings with the liquidating trustee. *See in re: Health Diagnostic Laboratory, Inc., et al.* (E.D. Va. Bankr. No. 15-32919-KRH) and *Richard Arrowsmith as Liquidating Trustee Of The HDL Liquidating Trust v. Denise Dent Bruner*, (E.D. Va. Bankr. Adv. Pro. No. 22-03066-KRH) ("Bankruptcy Proceedings"). The United States was not a party to that settlement. (Dkt. No. 135 at 4 n.1). Bruner's motion to dismiss pursuant to Fed. R. Civ. P. 41(b) is denied.

Bruner's motion to dismiss pursuant to Rule 12(b)(6) is similarly unavailing. Bruner purports that because Dent transferred the gold coins to her in April 2015—three years prior to

this Court's final judgment in the Healthcare Fraud Litigation finding Dent jointly and severally liable to the United States for more than $114 million in damages and penalties—he was not yet indebted to the United States. (Dkt. No. 131). However, as the Government notes, "[I]t is undisputed that Dent's debt to the United States began when the Government began paying fraudulent claims in 2010." (Dkt. No. 135 at 4-5) (citing Healthcare Fraud Litigation, Dkt. No. 310 at 6-8 and Bankruptcy Proceedings). Bruner also argues that the FDCPA claims against her should be dismissed where "she had no actual intent to defraud the United States." (Dkt. No. 135 at 5). As the Government explains, the intent of the recipient of the allegedly fraudulent transfer is not an element of the crimes charged against Bruner. (Dkt. No. 135 at 5) (citing 28 U.S.C. §§ 3304(b)(1)(A) and 3304(b)(1)(B)). Even if it were, that question of fact would be inappropriate to resolve at the motion to dismiss stage. *State v. Lee-Grigg*, 649 S.E.2d 41, 49 (S.C. Ct. App. 2007), *aff'd*, 692 S.E.2d 895 (S.C. 2010) ("Intent is a question of fact and is ordinarily for jury determination.").

In light of the foregoing, Bruner's motion to dismiss under Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 12(b)(6) is denied.

### B. Motion for Summary Judgment

The Government moves for summary judgment on Counts II and III of the Second Amended Complaint against Bruner, arguing "there is no material issue of genuine fact in this case that Floyd Calhoun Dent III's ('Dent') transfer of gold coins to Bruner was a fraudulent transfer under the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3304(a)(1) and 3304(b)(1)(B)." (Dkt. No. 134 at 1). The statute outlines scenarios where a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States which arises before

the transfer is made or the obligation is incurred. Relevant here, Section 3304(a)(1) provides a transfer is fraudulent where:

> the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

Section 33404(b)(1)(B) provides a transfer is also fraudulent where the debtor;

> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

The Court finds that there is no material dispute of fact that the transfer was fraudulent pursuant to 28 U.S.C. § 3304(a)(1). As previously determined by this Court in the Healthcare Fraud Litigation, Dent's debt to the United States began accruing in 2010—the year the Government began paying false claims submitted by BlueWave. (Healthcare Fraud Litigation, Dkt. No. 310 at 6-8). Bruner concedes the gold coins were a gift, so Dent did not "receiv[e] a reasonably equivalent value in exchange for the transfer." *Id.* (*See* Dkt. No. 131 at 3) ("Defendant merely accepted a gift from her brother, a perfectly normal thing to do."). Dent indisputably "ma[de] the transfer" of the gold coins while "insolvent at that time," given that his liability to the United States was over $170,000,000 while the estimated value of his assets (including the fruits of the fraudulent BlueWave scheme) totaled approximately $9,000,000. (Dkt. No. 134 at 11).

The Court similarly finds that the transfer was fraudulent pursuant to Section 3304(b)(1)(B). The Government reasons that a January 2013 OIG subpoena put Dent on notice regarding his debt to the Government, exposing Dent to § 3304(b)(1)(B) liability where he "reasonably should have believed that the Government's claim existed and potentially subjected

him to millions of dollars in liability." (Dkt. No. 134 at 15). The Government also highlights that "it is reasonable to believe that Dent, whose company, BlueWave, marketed the blood tests at issue for co-defendants Singulex and HDL, would have heard about the Singulex and HDL settlements in February and March 2015, or of the government's case when it was unsealed by the Court's April 9, 2015 Order." (*Id.*). As this Court previously found in the Healthcare Fraud Litigation, "Although [Dent] may not have known the precise contours of the Government's claims, he should have known that they existed and potentially subjected him to liability." (Healthcare Fraud Litigation, Dkt. No. 310 at 19). There is thus no dispute that the transfer was fraudulent under Section 3304(b)(1)(B).

### IV.     Conclusion

In light of the foregoing, Defendant's motion to dismiss is **DENIED** (Dkt. No. 131) and Plaintiff's motion for summary judgment on Counts II and III of the Second Amended Complaint is **GRANTED** (Dkt. No. 134).

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 25, 2025
Charleston, South Carolina